Tim L. Johnson CA Bar No. 265794
tim.johnson@ogletree.com
Jonathan H. Liu CA Bar No. 280131
jonathan.liu@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
4370 La Jolla Village Drive, Suite 990
San Diego, CA  92122
Telephone:   858.652.3100
Facsimile:    858.652.3101

Stephen R. Woods (*Pro Hac Vice pending*)
stephen.woods@ogletree.com
James R. Silvers (*Pro Hac Vice pending*)
james.silvers@ogletree.com
The Ogletree Building
300 North Main Street, Suite 500
Greenville, SC  29601
Telephone:   864.271.1300
Facsimile:    864.235.8806

Attorneys for Defendant Bottling Group, LLC (erroneously sued and served as Pepsi Beverages Company)

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALTAREEK GRICE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEPSI BEVERAGES COMPANY, and DOES 1 through 10,<br><br>Defendant. | Case No.  **'17 CV 1842 AJB WVG**<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441 AND 1446**<br><br>[*Filed concurrently with Civil Cover Sheet; Corporate Disclosure Statement; Declaration of Jonathan H. Liu*]<br><br>Complaint Filed:   June 29, 2017<br>Removal Date: |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Bottling Group, LLC (erroneously sued and served as Pepsi Beverages Company[1]) ("Defendant"), by and through undersigned counsel, hereby remove the above-entitled action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California on the following grounds:

### I.  FACTUAL AND PROCEDURAL HISTORY

1. On or about June 29, 2017, Plaintiff Altareek Grice ("Plaintiff") commenced this action against Defendant by filing an unverified Complaint (the "Complaint") in the Superior Court of the State of California for the County of San Diego action entitled *Altareek Grice, on behalf of himself and all others similarly situated, Plaintiff, v. Pepsi Beverages Company, and Does 1 through 10, Defendants*, and assigned Case No. 37-2017-00022150-CU-MC-CTL (the "Action").

2. The Complaint asserts a single cause of action against Defendant under the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681 *et seq*.

3. On August 10, 2017, Defendant accepted service of the Complaint, pursuant to California Code of Civil Procedure section 415.30(c) by executing an acknowledgment of receipt and returning it to Plaintiff. (Declaration of Jonathan H. Liu ("Liu Decl."), ¶ 2.) True and correct copies of the Complaint and acknowledgment are attached to this Notice of Removal as **Exhibit 1**. Defendant has not been served with any pleadings, process, or orders besides those attached.

///

---

[1] Pepsi Beverages Company is not a legal entity. Plaintiff's employer, at all material times, was Bottling Group, LLC.

## II. REMOVAL IS TIMELY

4. A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]").

5. Here, removal is timely because Defendant is filing this Notice of Removal within 30 days after it accepted service of Plaintiff's Complaint. *See* 28 U.S.C. § 1446(b)(1); (*See* Liu Decl., ¶ 2.)

6. "State law determines when service of process is effectuated prior to removal." *Osgood v. Main Streat Mktg., LLC*, No. 16CV2415-GPC(BGS), 2016 WL 6698952, at *2 (S.D. Cal. Nov. 15, 2016). Under California law, service by mail "is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." Cal. Code of Civ. Proc. § 415.30(c).

7. Defendant is the sole named defendant, and there are no other defendants who have been properly joined or served in this action as of the time Defendant is filing this Notice of Removal. Accordingly, all defendants in this action consent to the timely removal of the action to this Court. *See* 28 U.S.C. § 1446(b)(2)(A)-(2)(B).

## III. THIS ACTION IS REMOVABLE ON THE BASIS OF FEDERAL-QUESTION JURISDICTION

8. This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one that may be removed by Defendant pursuant to 28 U.S.C. §§ 1441 and 1446, in that it arises under the laws of the United States.

///

///

9. In the Complaint, Plaintiff only asserts a single cause of action under the FCRA. In asserting a claim against Defendant for violations of the FCRA, the Complaint itself presents questions of federal law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

### IV. **DEFENDANT HAS SATISFIED THE REMAINING REMOVAL REQUIREMENTS**

10. In accordance with 28 U.S.C. § 1441(a), this notice of removal is filed in the district court of the United States in which the action is pending. The Superior Court of California, County of San Diego is located within the Southern District of California. 28 U.S.C. § 84(d). Therefore, removal to this Court is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

11. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers received by Defendant are attached as **Exhibit 1**.

12. In accordance with 28 U.S.C. § 1446(d), Defendant will promptly give written notice to Plaintiff of the filing of this Notice of Removal, and will file a copy of the Notice with the clerk of the Superior Court of the State of California, County of San Diego.

13. In accordance with Federal Rule of Civil Procedure 7.1, Defendant concurrently files its Corporate Disclosure Statement.

///

///

///

///

In the event this Court has any question regarding the propriety of this Notice of Removal, Defendant respectfully requests that the Court issue an Order to Show Cause so that Defendant may have an opportunity to more fully brief the basis for this removal and address the Court's questions or concerns.

DATED:  September 22, 2017         OGLETREE, DEAKINS, NASH,
                                   SMOAK & STEWART, P.C.


                                   By:  /s/ Jonathan H. Liu
                                        Tim L. Johnson
                                        Jonathan H. Liu
                                        Stephen R. Woods
                                        James R. Silvers
                                        Attorneys for Defendant Bottling
                                        Group, LLC (erroneously sued and
                                        served as Pepsi Beverages
                                        Company)

31176334.1