TIM JOHNSON, CA Bar No 265794
tim.johnson@ogletreedeakins.com
JONATHAN LIU, CA Bar No 280131
jonathan.liu@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
4370 La Jolla Village Drive, Suite 900
San Diego, CA 92122
Telephone:  858.652.3100
Facsimile:  858.652.3101

STEPHEN R. WOODS, (*pro hac vice pending*)
stephen.woods@ogletreedeakins.com
JAMES R. SILVERS, (*pro hac vice pending*)
james.silvers@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
300 North Main Street, Suite 500
Greenville, SC 29601
Telephone:  864.271.1300
Facsimile:  864.235.8806

Attorneys for Defendant
Bottling Group, LLC (erroneously sued and served as Pepsi Beverages Company)

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTAREEK GRICE, on behalf of himself and all others similarly situated,<br><br>         Plaintiff,<br><br>     v.<br><br>PEPSI BEVERAGES COMPANY, and DOES 1 through 10,<br><br>         Defendants. | Case No. 17-cv-1842-ABJ-WVG<br><br>**DEFENDANT'S ANSWER TO COMPLAINT**<br><br>Complaint Filed:  June 29, 2017 |

Defendant Bottling Group, LLC (erroneously sued and served as Pepsi Beverages Company)[1] ("Defendant"), by and through its undersigned counsel, answers Plaintiff's Complaint as follows:

1. Answering paragraph 1, Defendant admits that Plaintiff alleges certain policies and practices followed by Defendant violate provisions of the Fair Credit Reporting Act ("FCRA"). Defendant denies all remaining allegations in this paragraph.

2. Answering paragraph 2, whether Plaintiff is a "consumer" within the meaning of the FCRA is a legal question which Defendant is not required to admit or deny.

3. Answering paragraph 3, the FCRA definition of "person" speaks for itself, which Defendant is not required to admit or deny.

4. Answering paragraph 4, whether Defendant is a "person" as defined by the FCRA is a legal question which Defendant is not required to admit or deny. Defendant admits that Bottling Group, LLC does business in San Diego County.

5. Answering paragraph 5, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, as they pertain to individuals and/or entities other than Defendant, and, on such basis, Defendant denies the allegations in this paragraph.

6. Answering paragraph 6, Defendant denies the allegations in this paragraph.

///
///
///
///
///

---

[1] Pepsi Beverages Company is not a legal entity. Plaintiff's employer, at all material times, was Bottling Group, LLC.

## First Cause of Action

## Violation of 15 U.S.C. Section 1681b(b)(2)

7. Answering paragraph 7, Defendant incorporates herein by reference its responses to paragraphs 1-6 inclusive, as though fully set forth herein.

8. Answering paragraph 8, the FCRA definition of "consumer report" speaks for itself, which Defendant is not required to admit or deny.

9. Answering paragraph 9, Defendant admits that it procures consumer reports on certain applicants for employment. Defendant denies all remaining allegations in this paragraph.

10. Answering paragraph 10, the provisions of Section 1681b(b) of the FCRA speak for themselves, which Defendant is not required to admit or deny. Defendant denies all remaining allegations in this paragraph.

11. Answering paragraph 11, Defendant admits Plaintiff applied for a job in or about August 2016 and that Defendant procured a consumer report on Plaintiff from Carco Group, Inc. Defendant denies all remaining allegations in this paragraph.

12. Answering paragraph 12, Defendant denies the allegations in this paragraph.

13. Answering paragraph 13, Defendant denies the allegations in this paragraph.

14. Answering paragraph 14, Defendant denies the allegations in this paragraph.

## CLASS ALLEGATIONS

15. Answering paragraph 15, Defendant admits that Plaintiff intends to bring this action as a class action. Defendant denies that Plaintiff has viable claims and that any claims he alleges may be prosecuted as a class action. Except as herein expressly admitted, Defendant denies, generally and specifically, each and every remaining allegation in this paragraph.

///

16. **Numerosity:** Answering paragraph 16, Defendant admits that Plaintiff intends to bring this action as a class action. Defendant denies that Plaintiff has viable claims and that any claims he alleges may be prosecuted as a class action. Except as herein expressly admitted, Defendant denies, generally and specifically, each and every remaining allegation in this paragraph.

17. **Existence and Predominance of Common Questions of Law and Fact:** Answering paragraph 17, Defendant admits that Plaintiff intends to bring this action as a class action. Defendant denies that Plaintiff has viable claims and that any claims he alleges may be prosecuted as a class action. Except as herein expressly admitted, Defendant denies, generally and specifically, each and every remaining allegation in this paragraph.

18. **Typicality:** Answering paragraph 18, Defendant admits that Plaintiff intends to bring this action as a class action. Defendant denies that Plaintiff has viable claims and that any claims he alleges may be prosecuted as a class action. Except as herein expressly admitted, Defendant denies, generally and specifically, each and every remaining allegation in this paragraph.

19. **Adequacy:** Answering paragraph 19, Defendant admits that Plaintiff intends to bring this action as a class action. Defendant denies that Plaintiff has viable claims and that any claims he alleges may be prosecuted as a class action. Except as herein expressly admitted, Defendant denies, generally and specifically, each and every remaining allegation in this paragraph.

20. **Superiority:** Answering paragraph 20, Defendant admits that Plaintiff intends to bring this action as a class action. Defendant denies that Plaintiff has viable claims and that any claims he alleges may be prosecuted as a class action. Except as herein expressly admitted, Defendant denies, generally and specifically, each and every remaining allegation in this paragraph.

Defendant denies that Plaintiff is entitled to any relief, including but not limited to the relief sought and/or enumerated by Plaintiff in the Complaint.

## AFFIRMATIVE DEFENSES

In further answer to Plaintiff's Complaint, Defendant alleges the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

Neither the Complaint, nor any purported cause of action alleged therein, states facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

The Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statutes of limitations, including, but not limited to, 15 U.S.C. § 1681p.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the doctrine of collateral estoppel, judicial estoppel, or *res judicata*.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

The Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

The Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the doctrine of waiver.

///

///

### SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

To the extent Plaintiff's named representative and/or Plaintiff has or has had unclean hands with respect to the matters alleged in the Complaint, they are barred, in whole or in part, from recovering any relief on the Complaint or any purported cause of action alleged therein.

### SEVENTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff is not entitled to any relief because the Complaint and each purported cause of action alleged therein is barred in whole or in part due to Plaintiff's consent to any and/or all of the conduct about which Plaintiffs now complain.

### EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff is bared, in whole or in part, from recovering any damages, or any recovery of damages must be reduced, excludes and/or discharged by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate the alleged damages.

### NINTH AFFIRMATIVE DEFENSE

### (Injunctive Relief Preempted)

Plaintiff's request for equitable relief is barred to the extent Plaintiff seeks injunctive relief, as private litigants are prohibited from seeking injunctive relief under the FCCA, and the FCRA preempts state law to the extent those laws are inconsistent with the FCRA.

### TENTH AFFIRMATIVE DEFENSE

### (Releases)

To the extent Plaintiff had executed or, in the future will have executed, releases of claims, his recovery is barred.

///

///

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by his Complaint;

2. That Defendant be awarded all of its costs and attorneys' fees incurred herein; and

3. That the Court award such other and further relief as it deems just and proper.

DATED:  September 18, 2017                         OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: */s/Jonathan Liu*
    TIM JOHNSON
    JONATHAN LIU
    STEPHEN R. WOODS
    JAMES R. SILVERS

Attorneys for Defendant
BOTTLING GROUP. LLC

|  |  |
|---|---|
| 1 | CERTIFICATE OF SERVICE |

I hereby certify that on September 18, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Notice of Electronic Filing.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 18, 2017.


By: /s/ Jonathan Liu
    Jonathan Liu

31181876.6