UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Altareek Grice, on behalf of himself and all others similarly situated,<br>　　　　　　　　　　　　Plaintiff,<br>v.<br>Pepsi Beverages Company, et al.,<br>　　　　　　　　　　　　Defendants. | Case No.:  17-cv-1842-AJB-WVG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE (Doc. No. 6)** |

　　　　Before the Court is defendant's motion to transfer venue from the Southern District of California to the Southern District of New York. (Doc. No. 6.) Plaintiff filed a notice of non-opposition to defendant's motion. (Doc. No. 9.) The Court finds this motion suitable for determination on the papers without oral argument under Local Rule 7.1.d.1. Accordingly, the motion hearing presently set for November 16, 2017, is **VACATED**.

　　　　A district court may order transfer "[f]or the convenience of parties and witnesses" and "in the interest of justice," so long as the action could have been filed in the transferee district in the first instance. 28 U.S.C. § 1404(a). First, defendant maintains the action could have been filed in the Southern District of New York (N.Y.S.D.) because Bottling Group, LLC, (erroneously sued and served as Pepsi Beverages Company (Doc. No. 2)), "is

1

headquartered and maintains its principle place of business in White Plains, New York."[1] (Doc. No. 6-1 at 4.)

Second, defendant argues transfer promotes the interests of justice and the convenience of the parties and witnesses. (*Id.* at 4.) The Court typically weighs the following factors: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

The first and second factors are neutral. The agreements may have arisen in Florida, where plaintiff was employed, or in New York, where defendant's principle place of business is, but there are no facts suggesting California or the Southern District of California is a relevant location to the agreements. As to the second factor, both California and New York federal courts are arguably equally familiar with the Fair Credit Reporting Act. (Doc. No. 6-1 at 7.)

With regards to the third factor, plaintiff chose the Southern District of California, and courts typically give plaintiff's choice considerable weight. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981). However, the Court gives little deference to plaintiff's preferred forum here because plaintiff chose not to oppose this motion or argue this district's appropriateness. (Doc. No. 9.) Defendant also states "to 'guard against the dangers of forum shopping,' a plaintiff's choice of forum is also given less deference

---

[1] The N.Y.S.D. encompasses Westchester County, which includes White Plains. UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK, http://www.nysd.uscourts.gov/.

where, as here, the plaintiff does not reside in the district." (Doc. No. 6-1 at 5 (citing *In re Ferrero Litig.*, 768 F. Supp. 2d 1074, 1078 (S.D. Cal. 2011)).)

Factors four through eight also weigh in favor of transfer. Defendant states that all of the "decision-makers and persons most knowledgeable" are "located in New York or Texas." (*Id.* at 5.) Further, defendant states that plaintiff resides in Florida and was employed there as well. (*Id.* at 6.) Any witnesses plaintiff may have from his Florida employment—such as "supervisors and human resources employees"—are also located in Florida. (*Id.*) Defendant argues these witnesses would be more inconvenienced traveling from Florida to San Diego rather than to New York. (*Id.*) Moreover, defendant "keeps and maintains all its records relating to background checks at its headquarters . . . ." (*Id.*) With most of the witnesses and evidence in New York or Florida, the cost of litigation in N.Y.S.D. would be lower than in California based on travel costs alone.

Because the ease of litigation would be less burdensome in N.Y.S.D., litigation costs would be reduced, witnesses and evidence would be more accessible, and because plaintiff did not oppose the motion, the Court **GRANTS** defendant's motion to transfer venue. This action is transferred to the United States District Court for the Southern District of New York.

**IT IS SO ORDERED.**

Dated:  November 1, 2017

Hon. Anthony J. Battaglia
United States District Judge