UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALTAREEK GRICE,<br><br>                                  Plaintiff,<br><br>          -v-<br><br>PEPSI BEVERAGES COMPANY, et al.,<br>                                Defendants. | 17-CV-8853 (JPO)<br><br>ORDER PRELIMINARYILY<br>APPROVING SETTLEMENT AND<br>DIRECTING NOTICE TO CLASS |

J. PAUL OETKEN, District Judge:

        The Court, having reviewed the settlement agreement entered by the parties, hereby concludes that:

        1.        The Court has considered the claims asserted by the putative class of employees and job applicants and found the Court has jurisdiction over such claims.

        2.        The Court has reviewed the proposed settlement of the claims asserted by the class of employees and job applicants, and finds that any person meeting any of the definitions below is a member of the Settlement Class:

> All individuals as to whom, during the period from June 19, 2015 through and including December 1, 2016 (for applicants); June 19, 2015 through and including September 4, 2017 (for employees subject to Department of Transportation background checks); and June 19, 2015 through and including October 2, 2017 (for all other employees), a consumer report for employment purposes was procured by Bottling Group, LLC, Grayhawk Leasing, LLC, or New Bern Transport Co.

        3.        The settlement agreement entered between the parties and submitted to the Court on May 2, 2018 (Stipulation re Class Action Settlement--ECF Docket No. 39 (Declaration of Peter Dion-Kindem), Exhibit 1) appears, upon preliminary review, to be fair, reasonable and adequate to the Settlement Class. Accordingly, the proposed settlement is preliminarily approved, pending a final approval hearing as provided for herein.

4. The prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied in that:

   a. The Settlement class is sufficiently numerous in that there are approximately 23,133 members of the Settlement Class;

   b. the claims of the class representative are typical of those of the other members of the settlement class;

   c. the Settlement Class is ascertainable from the records of Defendants;

   d. there are questions of fact and law that are common to all members of the Settlement Class; and

   e. the class representative will fairly and adequately protect the interests of the Settlement Class and has retained class counsel experienced in consumer class action litigation who have and will continue to adequately represent the Settlement Class.

5. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because (a) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, and (b) questions of fact and law common to the members of the Class predominate over any questions affecting only individual members.

6. The Court appoints Plaintiff Altareek Grice as the class representative and Marc R. Edelman of the law firm of Morgan & Morgan, P.A., Peter R. Dion-Kindem of Peter R. Dion-Kindem, P.C., Lonnie C. Blanchard, III of The Blanchard Law Group APC, Brandon J. Hill and Luis Cabassa of Wenzel Fenton Cabassa, P.A., as counsel for the Settlement Class ("Class Counsel").

7. The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on

<u>November 15, 2018, at 3:00 p.m.</u>, in Courtroom 706 of the Thurgood Marshall United States Court House, 40 Foley Square, New York, New York, for the following purposes:

    a. to determine whether the proposed settlement in fair, reasonable and adequate and should be granted final approval by the Court;

    b. to determine whether a final judgment should be entered dismissing the claims of the Class with prejudice, as required by the settlement agreement;

    c. to consider the application of Class Counsel for an award of attorneys' fees and expenses, and for an individual settlement and service award to the class representative; and

    d. to rule upon other such matters as the Court may deem appropriate.

8. Not later than fifteen (15) calendar days after the Court has issued the Preliminary Approval Order, PBC shall disclose the names and last known addresses of members of the Settlement Class to the Settlement Administrator. Within thirty (30) days of receipt of such information, the settlement administrator shall send the Notice and the Claim Form (attached to the Settlement Agreement as Exhibit A and B, respectively) to the last known first class mailing address of members of the Settlement Class as reflected in Defendants' records.

9. The Court finds this manner of giving notice fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

10. If a member of the Class chooses to opt-out of the Settlement Class, such member of the Settlement Class is required to submit a request for exclusion to the settlement administrator, post-marked on or before the date specified in the class notice, which shall be no later than sixty (60) days after the mailing of the Notice by the Settlement Administrator. A

member of the Settlement Class who submits a request for exclusion using the procedure identified above shall be excluded from the Settlement Class for any and all purposes. No later than seven (7) days prior to the final approval hearing, the Settlement Administrator shall prepare a list of all people who have timely excluded themselves from the settlement and shall provide such list to class counsel and Defendants' counsel, who will then report the names appearing on this list to the Court at or before the time of the final approval hearing.

11.     Any member of the Settlement Class who fails to timely and validly opt out of the Settlement shall be bound by the terms of this Settlement.

12.     Any member of the Class who wishes for any objection to be considered must file a written Notice of Objection within sixty (60) days after the mailing of the settlement notice. The Notice of Objection shall be sent by first class United States mail to the Settlement Administrator and must state:  (1) the case name and number; (2) the name, address, telephone number, and email address (if any) of the member of the Settlement Class making the objection; (3) a statement of the objection(s) being asserted; (4) a detailed description of the facts and any legal authorities underlying each objection; (5) a notice of intent to appear at the final Fairness Hearing, if the Settlement Class Member making the objection intends to appear; (6) a list of any witnesses the Settlement Class Member making the objection may call to testify at the Final Approval Hearing, whether in person, by deposition, or affidavit; and (7) a list of any exhibits, and copies of the same, which that such objector may offer at the Final Approval Hearing. Any objection must be personally signed by the objector.

13.     No later than seven (7) days prior to the Final Approval Hearing, Class Counsel shall prepare and file with the Court, and serve on Defendant's counsel, a list of all persons who have timely objected to the settlement.

14. All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlement, for an individual award to the class representative and for an award of attorneys' fees and expenses shall be filed not later than seven (7) days before the Final Approval Hearing.

15. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the settlement agreement.

The Clerk of Court is directed to reopen this case and close the motion at Docket Number 37.

SO ORDERED.

Dated: May 22, 2018
       New York, New York

_____
J. PAUL OETKEN
United States District Judge